RECEIVED
MAY 03 2010
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
MAY 03 2010
DAVID CREWS, CLERK
BY _____ Deputy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| JEREMY SMITH | * | CIVIL ACTION |
| VERSUS | * | NO. 4:10cv059-B-S |
| JANTRAN, INC. | * | SEC. |
| | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, JEREMY SMITH, a person of the full age of majority and resident of the State of Mississippi, and for his Complaint against defendant, JANTRAN, INC., respectfully represents as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. §688 and pursuant to the general maritime law of the United States. As such, pursuant to Title 28 U.S.C. §1916, Plaintiff is entitled to bring this action without the necessity of pre-payment of costs, fees or the posting of security therefore.

II.

At all times pertinent hereto, Defendant, JANTRAN, INC., was the owner and/or operator of the vessels M/V MARY PARKER on the navigable waters of the United States of America and within the jurisdiction of this honorable Court.

III.

At all times pertinent hereto, Plaintiff, JEREMY SMITH, employed by defendant as a

seaman and member of the crew of the M/V MARY PARKER and at all pertinent times was acting within the course and scope of his employment as a seaman.

IV.

On or about May 5, 2007, Plaintiff was injured during the course of performing his duties as a member of the crew of the M/V MARY PARKER when he fell from a height due to excessive debris on one of the barges in the tow of the M/V MARY PARKER. Plaintiff sustained severe injuries to his low back and other parts of his body. Said injuries were caused, in whole or in part, by the negligence of the Defendant, JANTRAN, INC., their agents, servants and/or employees, and/or was legally caused by the unseaworthiness of the vessel named herein.

V.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the Defendant, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide Plaintiff with a safe place in which to work;

2. Failure to warn the Plaintiff;

3. Failure to warn Plaintiff of the dangerous and unsafe conditions of the vessel and its tow;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel and its tow;

5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain and repair the vessel and its equipment;

6. Failure to provide Plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7.  Failure to provide competent and adequate supervisory authority;

8.  Hiring untrained and unskilled co-employees;

9.  Retaining employees found to be careless and/or unskilled;

10. Failure to properly man the vessel;

11. Breach of legally imposed duties of reasonable care owed by the Defendant to the plaintiff;

12. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

13. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

## VI.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## VII.

As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## VIII.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

IX.

As a result of the injuries sustained in the occurrence of May 5, 2007, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

X.

Plaintiff is physically impaired as a result of injuries sustained on or about May 5, 2007. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

XI.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XII.

Plaintiff would show that on the above mentioned date, he was injured while in the service of one of the vessels named herein. As a result, Defendant, JANTRAN, INC., had, and continues to have, a non-delegable duty to provide the Plaintiff with maintenance and cure benefits. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid benefits in an insufficient amount.

XIII.

Plaintiff submits that the failure/refusal of Defendant, JANTRAN, INC., to pay maintenance and cure benefits to Plaintiff was willful and wanton and that Plaintiff is, therefore, entitled to

compensatory damages, attorney's fees and punitive damages as a result.

WHEREFORE, premised considered, Plaintiff, JEREMY SMITH prays for judgment against Defendant, JANTRAN, INC., in an amount to be determined by the trier of fact, pre-judgment interest as allowed by law, for all costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted:

HAROLD W. DUKE (6209)
1024 Washington Avenue
P.O. Box 843
Greenville, MS 38701-3705
Telephone: (662)378-2949
Attorney for Plaintiff, Jeremy Smith

**PLEASE SERVE:**

**JANTRAN, INC.**
Through its agent for service of process:
Thomas B. Janoush
307 Cotton Row #1
P.O. Box 1448
Cleveland, MS 38732-1448